UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE MANUEL,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>COUNSELOR T. SALGADO, et al.<br><br>　　　Defendants. | NO. CV 09-812-UA (AGR)<br><br>ORDER TO SHOW CAUSE |

On February 9, 2009, Plaintiff lodged a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. He names three defendants, all of whom are employed at Avenal State Prison, where Plaintiff is incarcerated. Avenal State Prison is in Kings County, which is in the Eastern District of California.[1]

For the reasons discussed below, the Court orders Plaintiff to show cause, on or before **March 6, 2009**, why this Court should not transfer this case to the Eastern District of California based on improper venue.

"A civil action wherein jurisdiction is not founded solely on diversity of

---

[1] The Court notes that Plaintiff alleges that in 2004 Wasco State Prison officials also mistakenly placed an "R" suffix in Plaintiff's file.  Wasco State Prison is in Kern County, which is also in the Eastern District of California.

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

All defendants in this action reside in the Eastern District of California. Plaintiff alleges that Defendants mistakenly affixed an "R" suffix to his custody designation in 2006. All of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District.

Accordingly, Plaintiff must explain why the Court should not transfer the case to the United States District Court for the Eastern District of California. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district, shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

IT IS THEREFORE ORDERED that, on or before **March 6, 2009**, Plaintiff shall show cause, if there be any, why this Court should not transfer the case to the Eastern District of California.

DATED: February 9, 2009

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

2